**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ SEP 2 9 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X

MARKENSON ABELLARD,

                                        Plaintiff,

            -against-

CITY OF NEW YORK, ALI JAVED, and JOHN and
JANE DOE 1 through 10, individually and in their official
capacities, (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                        Defendants,

----------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

**10   4457**

**ROSS, J.**

**REYES, M.J**

Plaintiff MARKENSON ABELLARD, by his attorneys, Leventhal & Klein, LLP,

complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.      Plaintiff bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.  Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff MARKENSON ABELLARD is a thirty year old African American legally residing in Brooklyn, New York.

7.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.    That at all times hereinafter mentioned, the individually named defendants ALI JAVED, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.    On July 3, 2009, at approximately 10:00 p.m., plaintiff MARKENSON ABELLARD was lawfully operating a motor vehicle in the vicinity of Bedford Avenue between Clarkson Avenue and Lenox Road, Brooklyn, New York.

13.    The defendant police officers illegally stopped plaintiff's vehicle, approached plaintiff, and requested plaintiff's license and registration.

14.    Plaintiff handed the defendant officers his license and registration, and the defendants immediately ordered plaintiff to exit his vehicle.

15.    Plaintiff exited his vehicle and thereafter the defendants placed over tight handcuffs on plaintiff's wrists and refused to loosen the handcuffs despite plaintiff's repeated requests.

16.    Thereafter, the defendants illegally searched plaintiff's vehicle and recovered a knife. Plaintiff explained to the defendants that the knife was a knife he used in the course of his employment as a mechanic and that he purchased the knife through the Snap-on brand catalogue.

17.    The defendants transported plaintiff to an NYPD precinct where plaintiff was imprisoned and subjected to a humiliating and unlawful strip search. The defendants compelled plaintiff to remove all of his clothing, squat and cough, and spread his buttocks, all in view of other prisoners.

18.    Thereafter, the defendants imprisoned plaintiff until they released plaintiff with a Desk Appearance Ticket compelling plaintiff to appear in Kings County Criminal Court on August 6, 2009.

19.    On August 6, 2009, plaintiff appeared in Kings County Criminal Court and was

3

arraigned on false charges filed against claimant on Docket No. 2009KN062410 based on the false statements of defendant JAVED. Defendant JAVED falsely alleged that the defendant was in illegal possession of a gravity knife, which unlike the knife plaintiff possessed, is a *per se* weapon under the New York Penal Law. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

20.     The malicious prosecution compelled plaintiff to return to Court on numerous dates until February 17, 2010, when the criminal docket was dismissed and sealed in Kings County Criminal Court.

21.     All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

22.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, promoting, compensating, and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

23.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained on when to stop, detain, arrest and search individuals, on the identification of gravity knives, and the lawful parameters of conducting strip searches.

24.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW

4

YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

25.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26.     As a result of the foregoing, plaintiff MARKENSON ABELLARD sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

27.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29.     All of the aforementioned acts deprived plaintiff MARKENSON ABELLARD, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

5

attendant thereto, and with the intent to discriminate on the basis of race.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants arrested plaintiff MARKENSON ABELLARD without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

35.     Defendants caused plaintiff MARKENSON ABELLARD to be falsely arrested and unlawfully imprisoned.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff MARKENSON ABELLARD'S constitutional rights.

6

38.     As a result of the aforementioned conduct of defendants, plaintiff MARKENSON ABELLARD was subjected to excessive force and sustained physical and emotional injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

39.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants strip searched plaintiff MARKENSON ABELLARD in the absence of reasonable individualized suspicion that plaintiff was in possession of any illegal weapons or contraband at the time he was searched.

41.     Defendants thereby caused plaintiff MARKENSON ABELLARD to be deprived of his right to be free from unlawful strip searches.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

42.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants issued criminal process against plaintiff MARKENSON ABELLARD by causing his arrest and prosecution in Kings County Criminal Court.

44.     Defendants caused plaintiff MARKENSON ABELLARD to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

7

paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff MARKENSON ABELLARD.

47.     Defendants caused plaintiff MARKENSON ABELLARD to be prosecuted without any probable cause until the charges were dismissed on or about February 17, 2010.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

50.     As a result of the foregoing, plaintiff MARKENSON ABELLARD was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

51.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     The defendants falsely arrested, maliciously prosecuted, illegally strip searched, and subjected plaintiff MARKENSON ABELLARD to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

53.     As a result of the foregoing, plaintiff MARKENSON ABELLARD was deprived of his rights under the Equal Protection Clause of the United States Constitution.

8

## AS AND FOR A NINTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants had an affirmative duty to intervene on behalf of plaintiff MARKENSON ABELLARD, whose constitutional rights were being violated in their presence by other officers.

56.     The defendants failed to intervene to prevent the unlawful conduct described herein.

57.     As a result of the foregoing, plaintiff MARKENSON ABELLARD'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

## AS AND FOR A TENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

9

61.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting citizens to excessive force and arresting citizens without probable cause and then committing perjury and/or falsification and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of illegal weapons or contraband at the time of the search. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, promoting, compensating, and supervising its employees that was the moving force behind the violation of plaintiff MARKENSON ABELLARD'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, promote, compensate and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

63.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MARKENSON ABELLARD.

64.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate

10

cause of the constitutional violations suffered by plaintiff MARKENSON ABELLARD as alleged herein.

65.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MARKENSON ABELLARD as alleged herein.

66.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff MARKENSON ABELLARD was unlawfully arrested, illegally searched, maliciously prosecuted and subjected to excessive force.

67.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MARKENSON ABELLARD'S constitutional rights.

68.     All of the foregoing acts by defendants deprived plaintiff MARKENSON ABELLARD of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from false arrest/unlawful imprisonment;

      C.     To be free from excessive force;

      D.     To be free from unlawful strip searches;

      E.     To be free from the failure to intervene;

      F.     To be free from malicious prosecution;

      G.     To be free from malicious abuse of process;

      H.     To receive equal protection under law.

11

69. As a result of the foregoing, plaintiff MARKENSON ABELLARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

72. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

73. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

74. Plaintiff has complied with all conditions precedent to maintaining the instant action.

75. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Defendants arrested plaintiff MARKENSON ABELLARD without probable

12

cause.

78.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

79.    As a result of the aforementioned conduct, plaintiff MARKENSON ABELLARD was unlawfully imprisoned in violation of the laws of the State of New York.

80.    As a result of the aforementioned conduct, plaintiff MARKENSON ABELLARD suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

81.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.    As a result of the foregoing, plaintiff MARKENSON ABELLARD was placed in apprehension of imminent harmful and offensive bodily contact.

83.    As a result of defendant's conduct, plaintiff MARKENSON ABELLARD has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

84.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.    Defendants made offensive contact with plaintiff MARKENSON ABELLARD without privilege or consent.

86.    As a result of defendants' conduct, plaintiff MARKENSON ABELLARD has

13

suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Unlawful Strip Search under the laws of the State of New York)

87.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Plaintiff was unlawfully strip searched in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

89.     As a result of defendants' conduct, plaintiff MARKENSON ABELLARD has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

90.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff MARKENSON ABELLARD.

92.     Defendants caused plaintiff MARKENSON ABELLARD to be prosecuted without probable cause until the charges were dismissed on or about February 17, 2010.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

93.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     Defendants issued criminal process against plaintiff MARKENSON ABELLARD

14

by causing him to be arrested, arraigned and prosecuted in criminal court.

95. Defendants caused plaintiff MARKENSON ABELLARD to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

96. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

98. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

99. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

100. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff MARKENSON ABELLARD.

101. As a result of the aforementioned conduct, plaintiff MARKENSON ABELLARD suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

102. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Upon information and belief, defendant CITY OF NEW YORK failed to use

15

reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, prosecution, use of excessive force against, and illegal strip search of plaintiff MARKENSON ABELLARD.

104.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

105.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, prosecution, use of excessive force against, and illegal strip search of plaintiff MARKENSON ABELLARD.

### AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(Negligence under the laws of the State of New York)

107.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

16

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

109.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A TWENTY-THIRD CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

111.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.   As a result of defendants' conduct, plaintiff MARKENSON ABELLARD was deprived of his right to equal protection of laws.

## AS AND FOR A TWENTY-FOURTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

113.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.   As a result of defendants' conduct, plaintiff MARKENSON ABELLARD was deprived of his right to security against unreasonable searches, seizures, and interceptions.

115.   As a result of the foregoing, plaintiff MARKENSON ABELLARD is entitled to

17

compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MARKENSON ABELLARD demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       September 28, 2010

                          LEVENTHAL & KLEIN, LLP
                          45 Main Street, Suite 230
                          Brooklyn, New York 11201
                          (718) 722-4100

                   By:    _____
                          BRETT H. KLEIN (BK4744)

                          Attorneys    for    Plaintiff    MARKENSON
                          ABELLARD

18